CAMPBELL, Judge.
The trial court discharged defendant, Reginald S. White, because the calendar call on his demand for speedy trial was not heard within five days of the court’s receipt of the demand. The state appeals.
Under Florida Rule of Criminal Procedure 3.191(a)(2), the court is required to hold a calendar call within five days of receiving the demand. Subsection (3) of the rule states: “The failure of the court to hold such a calendar call on a Demand which has been properly filed and served shall not interrupt the running of any time periods under this section.” At the calendar call, the court is required to set the case for trial five to forty-five days from the date of the calendar call. A defendant charged with a felony, as here, will be discharged only if he has not been brought to trial within fifty days of the filing of the demand, has filed a motion for discharge and, despite the judge’s order that defendant be brought to trial within ten days of the order, is not brought to trial. Since the defendant here was charged with a felony, section 790.23, Fla.Stat. (1985), discharge for failure to hold a timely calendar call was not appropriate. Fla.R.Crim.P. 3.191(a)(2). Discharge is not the proper remedy for failure to hold a timely calendar call.
While defendant argues strenuously that this court should uphold the discharge because it was proper on other grounds, the record before us is insufficient for us to affirm on those grounds. In addition, although the trial court denied defendant’s motion for discharge, defendant did not appeal that denial and it is not now before this court for review.
We are not passing here on whether defendant’s speedy trial time has run, but hold merely that defendant is not entitled to discharge for the court’s failure to hold a timely calendar call. We reverse only because the failure to hold a timely calendar call is not a proper basis for discharge.
Reversed.
SCHEB, A.C.J., and HALL, J., concur.